IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| TKO SPORTS GROUP USA LIMITED, | § § § | CASE NO. 05-48509-H4-11<br>CHAPTER 11 |
| DEBTOR | § | |

**REORGANIZED DEBTOR'S COMBINED OBJECTION TO FIRST AND SECOND SUPPLEMENTS TO THE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (Doc. #373, 386)**

The Reorganized Debtor, TKO Sports Group USA Limited ("TKO"), hereby objects to the First and Second Supplement to the Application filed by Arent Fox for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Official Committee of Unsecured Creditors (Doc. 373, 386). The grounds for this objection are as follows:

### Summary of Objection

1. Arent Fox has sought to be paid additional fees in connection with defending its final application for fees against the objections of the Debtor. As set forth more fully below, the fees incurred in such an endeavor are not compensable because, under either of two main theories of allowing such compensation, the fees did not benefit the estate and the Debtor's objections were meritorious.

### Factual Background

2. Arent Fox filed its Final Fee Application on September 21, 2006 (Doc. 335). In that Application, Arent Fox sought final approval of fees and expenses of $262,124.30.

3. On January 16, 2007, Arent Fox filed the First Supplement seeking an additional $17,319.87 in fees and expenses incurred after the Effective Date. Pursuant to the terms of

Case 05-48509　　Document 407　　Filed in TXSB on 04/03/2007　　Page 2 of 8

Article XIII of the Plan and paragraph 31 of the confirmation order, the activities of the Committee were to cease 30 days after the Effective Date (i.e. October 5, 2006). The First Supplemental includes certain fees and expenses incurred between September 5, 2006, and October 5, 2006, which TKO does not object to since these fees are not associated with defense of TKO's objection to the Arent Fox final fee application. These fees and expenses are as follows:

| | | | |
|---|---|---|---|
| a. | Pacer Charges | | $121.38 |
| b. | Case Management through | | $246.00 |
| c. | Claims Administration | | $164.00 |
| d. | Committee Communications | | $82.00 |
| e. | Plan and Disclosure | | $82.00 |
| f. | Preparation of Fee Application | | $3391.50 |

The total of these amounts is $4,086.88. Thus, TKO objects to $13,232.99 with respect to the First Supplement as they relate solely to its defense of the fee application objection filed by TKO.[1]

4.　　On February 6, 2007, Arent Fox filed its Second Supplement seeking an additional $32,135.51 in fees and expenses. A small amount of this time relates to issues other than defense of the TKO fee application objection. However, none of this time is compensable since it was incurred after the Committee ceased to exist. Thus, TKO objects to the full amount requested in the Second Supplement.

5.　　The Supplemental Fee Applications suffer from the same problems as the

---

[1] The Court should note that both of the Supplemental Fee Applications were filed after the bar date set forth in the Plan and the Confirmation Order. The bar date was 30 days after the Confirmation Date. The Confirmation Date was August 23, 2006, making September 22, 2006, the last day to file Administrative Claims or such claims are forever barred.

Case 05-48509   Document 407   Filed in TXSB on 04/03/2007   Page 3 of 8

previous fee applications. For example, in the First Supplemental Fee Application, Arent Fox had the following professionals work on the Fee Applications: (1) Blankley; (2) Lipstein; (3) Eisenberg; (4) Indelicato. Once again Arent Fox has overstaffed the case. It does not take four professionals to work on a fee application. Typically, a fee application is prepared primarily by a paralegal with an attorney acting in a reviewing capacity. This overstaffing leads to excessive time and over billing. Moreover, as with the previous fee applications, the time entries are vague and much of the work is lumped together making it impossible to tell whether the work was necessary.

6. Two attorneys were assigned to review the Debtor's objection to the Arent Fox final fee application and to prepare responses thereto (Blankley and Eisenberg). In fact, these two associates were reviewing and revising each others work. The total amount of time spent simply on a response to the objection was 26.7 hours. There is no explanation as to why it was necessary for this objection to be double teamed by two associates. Surely, the work could have been done by one at half the cost.

7. For the period covered by the Second Supplemental Fee Application, two additional professionals worked on the response to the Debtor's objection to the Arent Fox fee application (Silfen and Cryan). The total amount spent was $29, 838. The following are just a few examples of excessive time entries appearing on the Second Supplement.

    a.    01/11/07    AB BLANKELY
         Case research on who can attend a deposition in the 5th Circuit and generally.    6.4 hours    $1,824.00

    b.    Various attorneys spent a total of 9.2 hours researching the disclosure requirements under Rule 2014.

    c.    Various attorneys spent 8.5 hours writing a letter to counsel for the debtor attempting to convince the Debtor to withdraw its objection.

    d.    Moreover, as with the previous fee applications, the time entries on the

Case 05-48509    Document 407    Filed in TXSB on 04/03/2007    Page 4 of 8

second supplemental fee application are vague and much of the work is lumped together making it impossible to tell whether the work was necessary.

### Law and Argument

8.      To recover on its fee application, Arent Fox must prove that those fees and expenses actually benefited the estate. Case law regarding whether an applicant may recover fees and expenses for defending the application are divided between a "per se" rule and an "American rule". Under the "per se" rule, if the objection is overruled, the additional fees are also awarded, but if the objection is meritorious, the additional fees are denied.[2] Under the "American rule", since a party in an American Court is required to bear his own fees, the applicant likewise bears his own fees, unless the objection was posed in bad faith.[3] Under either analysis, Arent Fox's additional fees are not recoverable.

9.      Judge Houser recently adopted the "American Rule" approach and rejected the "per se" standard in her well-reasoned opinion of *In re Teraforce Technology Corp.*, 347 B.R. 838, 865 (Bankr. N.D. Tex. 2006). In *Teraforce*, the committee's counsel sought payment of substantial fees for defending against the Debtor's objections to its fees. Judge Houser cogently restated the two approaches to post-objection fee compensation and determined that public policy and Supreme Court precedent favored the American Rule set forth in *St. Rita's Assocs.*:

> Based upon the Court's research, it appears that neither the Fifth Circuit nor the Northern District of Texas has addressed this issue. The Court is disinclined to choose between a *per se* rule granting or denying recovery in all situations. A better disposition was announced in *In re St. Rita's Assocs. Private Placement, L.P.*, 260 B.R. 650 (Bankr. W.D.N.Y. 2001). In that case, it was held that while debtor's counsel was entitled to be compensated for the preparation of its fee application pursuant to section 330(a)(6), it was not entitled to compensation for defending its fee application against objections thereto, especially since the objections were filed in good faith and

---

[2] See e.g., *Smith v. Edwards & Hale, Ltd. (In re Smith)*, 317 F.3d 918, 928 (9th Cir. 2002) (allowing recovery of fees incurred in defending fee application when objection ovrruled); *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 882-83 (11th Cir. 1990) (denying additional fees); and *Boldt v. Crake (In re Riverside-Linden Investment Co.)*, 945 F.2d 320, 323 (9th Cir. 1991) (denying additional fees when most of objections to fee application were sustained). .

[3] *In re Teraforce Technology Corp.*, 347 B.R. 838, 865 (Bankr. N.D. Tex. 2006) (Houser, J.); *In re St. Rita's Assocs. Private Placement, L.P.*, 260 B.R. 650 (Bankr. W.D.N.Y. 2001).

Case 05-48509    Document 407    Filed in TXSB on 04/03/2007    Page 5 of 8

> ultimately resulted in a partial disallowance of the requested fees. 260 B.R. at 652. The St. Rita's court reasoned that such a rule comported with the "American rule" of recovery, applicable to fee disputes occurring outside the realm of bankruptcy. *Id.* The court did not go so far as to preclude any recovery of attorney fees incurred in defending a fee application--in fact, it left open the door to recovery of such fees where sanctions are appropriate for the filing of inappropriate objections. *Id.* A careful reading of the Riverside-Linden and Smith cases, cited above for differing propositions, supports the St. Rita's compromising analysis.
>
> The Court is further convinced that St. Rita's analysis is proper when read in conjunction with the specific provisions of section 330(a)(3)(E), which requires the Court to consider "whether the compensation [sought] is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." (Emphasis added); see also *Anderson Grain*, 222 B.R. at 532 (noting that "bankruptcy courts need to be mindful that financial rewards to attorneys in bankruptcy court should be comparable to what they could achieve in other areas of commercial practice"). Because the American Rule applies absent explicit statutory or contractual authority, and because the Code contains no statutory provision for the recovery of attorney fees for defending a fee application, counsel should not normally be able to recover fees for defending fee application in the bankruptcy court.
>
> Because the Court finds that the Objecting Parties' objections were filed in good faith and were meritorious in significant part, the Court will deny the recovery of the Post-Final Fee Period fees sought by LLS to the extent that such fees were incurred in its defending the Final Fee Application.

*In re Teraforce Tech. Corp.*, 347 B.R. 838, 866-867 (Bankr. D. Tex. 2006)

10. The American rule should apply to the TKO Objection and prevent TKO from recovering additional fees notwithstanding the allowance or disallowance of the underlying fees. The Fee Application objections were filed in good faith, specifically based upon

 a. Committee Counsel's sworn disclosure that it would charge a "preferred reduced rate" of $445 an hour, when the actual rate charged on the fee application was $560;

 b. The duplication of services and wasteful staffing of the case diagrammed in the Exhibits to the Debtor's Objection;

 c. Arent Fox's inexcusable failure to disclose its years of close attorney-client relationships with Joseph Meyers, an individual who solicited a position representing a committee member "for free", while having a business plan to obtain end-of-case engagement as an estate professional, and who had engaged Arent Fox in that capacity for years, paying Arent Fox millions in fees.

11. So long as TKO's objection to the Arent Fox final fee application was <u>filed in good faith</u>, the fees and expenses incurred in defending against such objection should be denied under the American rule.

12. TKO submits that except for $4,086.88, the fees and expenses requested in both the First and Second Supplements should be disallowed. TKO also maintains its original objections to the Supplemental Applications.

WHEREFORE, TKO prays that:

1. The Court allow the First Supplement in the limited amount of $4,086.88 and deny the balance.

2. The Court deny in full the Second Supplement.

3. The Court grant such other and futher relief as is just and proper.

DATED:   April 3, 2007.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: ___/s/ *Edward L. Rothberg*___
EDWARD L. ROTHBERG
State Bar No. 17313990, Fed. I.D. No. 2780
HUGH M. RAY, III
State Bar No. 24004246, Fed. I.D. No. 22090
MELISSA A. HASELDEN
State Bar No. 00794778, Fed. I.D. No. 19704
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded by first class mail, postage prepaid, on April 3, 2007, to:

*Debtor:*
TKO Sports Group USA, Limited
Attn: Garry Kurtz, President
6100 West By Northwest Blvd.
Suite 160
Houston, TX 77040

*US Trustee:*
Stephen Statham
Office of the United States Trustee
515 Rusk, Room 3401
Houston, Texas 77002

**Secured Lender:**
Bank of Montreal
Attn: Tony Crow
100 King St. West 7th Floor
Toronto, Ontario
Canada M581A1

Diana Woodman
Thompson & Knight
333 Clay Street, Suite 3300
Houston, Texas 77002
*(Attorneys for Bank of Montreal)*

**Counsel for Official Committee of Unsecured Creditors:**
Andrew I. Silfen
Schuyler G. Carroll
Arent Fox PLLC
1675 Broadway
New York, NY 10019

and

Barnet B. Skelton, Jr.
1111 Bagby, 47th Floor
Houston, TX 77002

**Committee of Unsecured Creditors:**

Qingdao Inred Sport Goods Co., Ltd.
Attn: Jerry Yu General Manager
Liu Ting Xin Xing JianCai Industrial Park
Chengyang District, Qingdao,

{L:\TKO000\00012\0429066.DOC;2\ELR}    7

P.R.China
Email: qdinred@qd-public.sd.cninfo.net
anneli@163169.net

Olympic International Limited
Attn: David Barr
Suite 1505-6, Albion Plaza
Granville Road, Tsimshatsui
Kowloon, Hong Kong
Email: david@olympiclife.com

Sports K-Pro Ltd.
Attn: Morris Huang, President
c/o No. 10-3 West 10th Street
K.E.P.Z. Kaohsiung
Taiwan, R.O.C.
Email: sakurai@tpts4.seed.net.tw
twnsakurai@hibox.hinet.net

C & M Holdings Ltd.
Attn: Chad Huang
Room 11 B, Shang Hu Xuan J
ZhuJiang DiJing
Yi Yuan Bei Lu
GuangZhou City, China
Email: chadhuang@21cn.com
chadhuang@hotmail.com

Sunex Sports Co., Ltd.
Attn: Mr. James Chen
2F-2, No. 242 Sec. 1
Taichung - Harbor Road Taichung
Taiwan, R.O.C.
Email: sunex@ms47.hinet.net

/s/ *Edward L. Rothberg*
EDWARD L. ROTHBERG