IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| TKO SPORTS GROUP USA LIMITED | § | CASE NO. 05-48509 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TKO SPORTS GROUP USA LIMITED TO STRIKE
THE DEBTOR'S SUPPLEMENTAL OBJECTION TO FINAL FEE APPLICATION OF
ARENT FOX, PLLC AND REORGANIZED DEBTOR'S COMBINED OBJECTION
TO FIRST AND SECOND SUPPLEMENTS TO THE APPLICATION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
(HEARING REQUESTED FOR TUESDAY, APRIL 10, 2007 AT 1:30 P.M.;
ESTIMATED TIME: 1 HOUR) (DOC. NOS. 335, 342, 373, 386, 391, 406, AND 407)**

**Notice Under Local Rule 9013(b)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

NYC/327306.3

**TO:   THE HONORABLE JEFF BOHM,**
**      UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee Of Unsecured Creditors (the "Committee") of TKO Sports Group USA, Limited (the "Debtor")[1] files this Motion for an Order Striking the Debtor's Supplemental Objection to Final Fee Application of Arent Fox, PLLC (the "Supplement") and Reorganized Debtor's Combined Objection to First and Second Supplements to the Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Official Committee of Unsecured Creditors (the "Objection"), and in support thereof respectfully represents:

## PRELIMINARY STATEMENT

1.    The Committee requests that the Court strike what amounts to a sur-response or surreply submitted by the Debtor in violation of hearing and related procedures established by the Court or agreed upon by the Debtor and the Committee, the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.  The Debtor's pleading represents nothing more than an ambush that causes significant prejudice, is not curable, is disruptive to the orderly and efficient trial of this contested matter and was submitted as a blatant affront to the rules and procedures of this Court.  Not only is the pleading procedurally defective, but it contains alleged factual assertions that have no evidentiary basis and are designed to impugn the integrity of the Committee and its members and professionals.  The sur-response or surreply was clearly filed in bad faith and only designed to place scandalous and inflammatory statements into the public record and disrupt the hearing process.  These immaterial and scandalous accusations contained in the sur-response or surreply should be stricken.

2.    The Committee filed its Final Fee Application on September 21, 2006, the Debtor filed its Objection on October 10, 2006, and after several consensual adjournments, a hearing

---

[1] For ease of reading, the Reorganized Debtor will also be referred to as the "Debtor" throughout this Motion.

-2-

NYC/327306.3

was ultimately and finally fixed and set for February 15, 2007.  The parties were "trial ready."  Yet after the date set for the final hearing and on the eve of the adjourned trial date, and after exhibits had been filed and exchanged, witnesses identified and the parties consulted on the admission of exhibits, without warning, the Debtor filed the Supplement.  Unlike the Committee, which sought the express permission and consent of the Debtor before filing its Response to the Debtor's Initial Objection, the Debtor never alluded to its intention to supplement its Initial Objection with additional grounds not previously stated.  The Supplement, which is essentially an improper sur-response or surreply, is not permitted or authorized.

3.      Similarly, several months have elapsed since the Committee filed the First Supplement and the Second Supplement to the Final Fee Application.  In all of that time, despite requirements under the Local Bankruptcy Rules governing the timing for filing objections, and despite the Debtor's numerous interactions with Committee counsel, the Debtor waited until after this contested matter was "trial ready" and on the eve of trial and the week of both Easter and Passover, to ambush the Committee with its untimely Objection to the First Supplement and Second Supplement to the Final Fee Application.  In addition to engaging in what can only be characterized as questionable litigation tactics, the Debtor's Objection is not permitted, authorized nor timely and should be stricken.

4.      In addition to this attempted end-run around the rules and procedures, the Debtor's sur-response or surreply contains allegations that are not entitled to evidentiary consideration since the Debtor is not competent to testify to the matters stated therein, the pleading is replete with hearsay, contains statements not relevant to the issues pertaining to this contested matter, and contains subjective opinions and conclusory statements without stating any underlying facts.  In sum, the surreply or sur-response does not comply with basic evidentiary

requirements. In fact, the surreply or sur-response impermissibly relies upon a deposition, a deposition not yet admitted into evidence. Finally, not only does the surreply or sur-response contain a significant amount of hyperbole, but it also contains inflammatory, scandalous and defamatory statements and accusations. The Debtor's use of the defamatory and scandalous allegations should not be countenanced by this Court.

5. Unable to ascertain any basis to object to the Final Fee Application, it is unfortunate that the Debtor has resorted to inflammatory and scandalous statements and accusations. Even more regrettable is the Debtor's use of innuendos and lies in an attempt to embarrass and bully the Committee and its members and professionals into compromising the fees sought by Arent Fox. The pleading is clearly designed to embarrass and harass. Debtor's counsel's filing of the Supplement is simply irresponsible and not consistent with counsel's obligations under Bankruptcy Rule 9011(b).

6. For all of these reasons stated above and as further detailed below, the Committee respectfully moves this Court to strike the Objection and the Supplement. Because the Objection and Supplement are rife with malicious, scandalous and unsupported speculation, innuendo and conjecture, the Committee further asks that the Court order that the Supplement and Objection be removed from the docket. In any event, even if the Court decides to consider the Objection and/or the Supplement in their entirety, or strikes only portions of the Objection or the Supplement, the Committee requests leave to file a response.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of this proceeding is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Sections 105, 107 328 and 1103(a) of the Bankruptcy Code and Rules 7012, 7015 and 9014 of the Federal Rules of

Bankruptcy Procedure and Local Rule 9013 are the statutory predicates for the relief sought by this Motion.

## BACKGROUND

8.      On October 11, 2005, (the "Petition Date"), the Debtor filed a voluntary petition under Section 301 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

9.      Pursuant to 11 U.S.C. § 1102(a)(1), on November 23, 2005 the United States Trustee appointed the Committee.

10.     On December 5, 2005, the Committee filed its Application to Employ Arent Fox as Counsel for the Committee pursuant to §§ 328 and 1103(a) of the Bankruptcy Code. On January 3, 2006, the Court entered an Order authorizing Arent Fox to act as counsel for the Committee *nunc pro tunc* as of November 28, 2005 (the "Arent Fox Retention Order").

11.     On June 14, 2006, the Court entered an Order Granting Motion Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professions (the "Interim Compensation Order").

12.     On August 23, 2006, the order confirming the Debtor's First Amended Chapter 11 Plan of Reorganization ("Plan") was entered.

13.     The Plan went effective on September 5, 2006.

<u>Committee Counsel Fee Applications</u>

14.     On July 25, 2006, in accordance with the Interim Compensation Order, Arent Fox filed its First Application (the "First Fee Application") for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Committee for the Period November 28, 2005 through May 31, 2006 (the "First Interim Period"), seeking $213,126.80, representing $200,888.50 in fees and $12,238.30 in expenses. On August 14, 2006, the Debtor filed its

-5-

Limited Objection to Interim Fee Applications (the "Interim Fee Applications") filed by Committee Professionals.

15.     On August 23, 2006, the Court entered Orders granting the Interim Fee Applications (the "First Fee Order"). The First Fee Order authorized Arent Fox to be paid immediately the sum of $91,279.40 from the reallocated funds contributed by the Bank of Montreal held in trust by Mr. Skelton, local counsel for the Committee.

16.     In accordance with the Plan, on September 21, 2006, one month after the Interim Fee Application was granted, Arent Fox filed its Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Official Committee of Unsecured Creditors for the Period June 1, 2006 through September 5, 2006 (the "Final Fee Application").

17.     On October 10, 2006, the Debtor filed its Combined Objection to the Final Fee Applications of Arent Fox PLLC and Barnet Skelton as Counsel to the Official Unsecured Creditors Committee dated October 10, 2006 (the "Initial Objection").[2]

18.     On January 16, 2007, Arent Fox filed its First Supplement to Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Official Committee of Unsecured Creditors (the "First Supplement") for the period from September 6, 2006 through December 31, 2006 seeking $16,460.00 in fees and $859.87 in expenses. No objection was timely filed within 20 days of service of the First Supplement.

19.     On February 6, 2007, Arent Fox filed its Second Supplement to Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Official Committee of Unsecured Creditors (the "Second Supplement") for the period from January 1,

---

[2] That portion of the Debtor's Initial Objection pertaining to the fee application of Mr. Skelton was subsequently resolved.

2007 through January 31, 2007 seeking $31,366.50 in fees and $768.60 in expenses. As with the First Supplement, no objection was timely filed.

20. On February 8, 2007, having obtained the consent of the Debtor, the Committee filed its Response to the Debtor's Combined Objection to Final Fee Applications of Arent Fox LLP and Barnet B. Skelton, Jr. P.C. as Counsel to the Committee (the "Response").[3]

21. The new hearing date was set for February 15, 2007.

<u>Preparation for the Hearing on the Final Fee Application and the Initial Objection</u>

22. Prior to the February 15, 2007 hearing date, the parties exchanged exhibit lists and witness lists, the Committee provided its designation of deposition and the parties conferred regarding the admissibility of exhibits for the hearing on the Final Fee Application.

23. The Debtor provided the Committee with a witness list and an exhibit list, and the Committee provided the Debtor with an exhibit list as well as a designation of deposition testimony. The Debtor failed to provide any designation or counter-designation of deposition testimony. The parties discussed, and agreed upon, admissibility of evidence for trial.

24. On February 13, 2007, the Committee filed its Deposition Designations, Witness List and Exhibit List. That same day, the Debtor filed its Witness List and Exhibit List.

25. In accordance with the rules and procedures of this Court and as agreed to by the parties, the Debtor and the Committee were prepared to proceed with the scheduled hearing. The parties were "trial ready." Unfortunately, due to a snow storm in the Northeast, the parties agreed to reschedule the hearing.

26. On February 14, 2007, the Committee filed the Emergency Agreed Motion for Continuance of Hearing on Final Fee Application of Arent Fox LLP as Counsel to the

---

[3] As part of that agreement, the Committee also agreed to withdraw its Rule 30(b)(6) deposition request, to allow the Debtor more time to respond to the Committee's document request, and to set a new hearing date.

-7-

Committee (the "Agreed Continuance Motion").  The relief sought in the Agreed Continuance Motion was solely that of adjourning the hearing on the Final Fee Application to a later date due to unsafe and uncertain travel conditions.  There was no request contained in the Agreed Continuance Motion, nor relief granted in the Order granting the Agreed Continuance Motion entered on February 15, 2007, entitling any party to file further responses pertaining to the Final Fee Application.  The Order merely set the new hearing date to consider the Final Fee Application for April 10, 2007.

27.     On April 3, 2007, without notice or warning, and without the Committee's consent or Court authority, the Debtor filed its Supplemental Objection to Final Fee Application of Arent Fox, PLLC (defined above as the "Supplement") and Reorganized Debtor's Combined Objection to First and Second Supplements to the Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Official Committee of Unsecured Creditors (defined above as the "Objection").

28.     A trial on the Initial Objection was originally scheduled for December 7, 2006, but was consensually adjourned to January 18, 2007.  The trial was then rescheduled to January 23, 2007, adjourned once again, consensually, to February 15, 2007, and was ultimately rescheduled due to a severe storm, to April 10, 2007.  The Debtor did not file another pleading prior to the February 15th hearing date but instead waited until the eve of the adjourned trial, during the week of both Easter and Passover, after the contested matter was "trial ready" to ambush the Committee with the late-filed Objection.  Furthermore, unlike the Committee which sought the consent of the Debtor before filing its Response to the Initial Objection, the Debtor never discussed supplementing its Initial Objection with the Committee.

## ARGUMENT

29.     The Committee, once again, is required to seek relief from this Court as a result of

-8-

NYC/327306.3

the Debtor's abuse of the judicial process and disregard of the Bankruptcy Rules, Local Rules and hearing and related procedures established by the Court or agreed to by the parties. Rather than proceed to trial, the Debtor filed an unauthorized and untimely 17-page pleading replete with false, baseless, inflammatory and outrageous accusations concerning the Committee and its members and professionals. No doubt, the Debtor chose to file such a pleading so they could interject the scandalous and inflammatory accusations and statements into the public record of this case and disrupt the hearing process. The pleading is nothing more than a tactic designed to embarrass and harass the Committee and its members and professionals. The Debtor and its counsel's conduct is inappropriate, irresponsible and in bad faith.

A.  The Debtor's Supplement Is Procedurally Defective Because It Is Not Timely and Must Be Stricken

30. The Debtor's Supplement is procedurally defective because it is not timely under the Bankruptcy Rules, Local Rules and procedures of this Court or as agreed to by the parties.

31. The Debtor's Supplement is also untimely because Local Bankruptcy Rule 9013(b) provides that each pleading seeking an order must include specific language informing the reader that:

> This motion seeks an order that may adversely affect you. ***If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 20 days of the date this was served on you.*** Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

S.D. Tex., Local Bankr. R. 9013(b) (emphasis added).

32. The Committee filed its First Supplement and Second Supplement on January 16,

-9-

NYC/327306.3

2007 and February 6, 2007, respectively. More than two months ensued before the Debtor filed its Objection. When the Debtor did file the Objection, it did so without leave of the Court or consent from the Committee, and provided no excuse or reason as to its tardiness.

33. The Supplement must be stricken as untimely as it was not filed within 20 days of the motion. *See* Local Bankr. R. 9013(b); *cf., United States v. Aero Jet Commander Aircraft*, No. H-04-4844, 2005 WL 2000670, at *3 (S.D. Tex. Aug. 18, 2005) (granting motion to strike affidavits submitted after deadline). The *Aero Jet* Court granted a motion to strike affidavits where, as here, the proponent neither offered an excuse for the untimely filing nor sought the Court's leave to make a late filing.

34. Nor is the language of Rule 9013(b) permissive. The rule states firmly that if consensus with the moving party cannot be reached, "[y]ou ***must*** file a response and send a copy to the moving party" and "***must*** file and serve your response within 20 days . . .". Local Bankr. R. 9013(b).

35. The Debtor failed to request an extension of time in which to file the Debtor's Supplement. Nor did the Debtor provide notice or so much as give the Committee the courtesy of a phone call indicating its intention to file the Objection in the course of all of the communications that took place between the parties subsequent to the filing of the First Supplement and Second Supplement. The only deduction that the Committee can make is that the Debtor filed the Objection late in the hope that the Committee, on the eve of trial and during a holiday week, would be caught unprepared, with the Debtor's intention of disrupting the hearing process.

B.  The Debtor's Supplement is Not
    Authorized or Permitted and Must Be Stricken

36. The Court should strike the Supplement on the grounds that it is not authorized or

-10-

permitted. There is simply no rule or procedure authorizing or permitting the Debtor to file what amounts to a surreply or sur-response.

37. Local Bankruptcy Rule 9013(g)(1), which governs pleadings, hearings, and service, specifically provides that prior to filing a response, counsel shall confer with the movant to attempt to resolve the relief requested in the contested motion without necessity of a hearing, and that if the issue cannot be resolved, the response must include a certificate indicating that the parties were unable to resolve the issue or indicating the dates that the party filing the response attempted to reach out to the movant. *See* Local Bankr. R. 9013(g)(1).

38. Local Bankruptcy Rule 9013(g)(1) specifically provides for a motion and a response. *Id.* It does not permit an endless stream of late filings denominated as "supplemental" documents. In fact, nowhere in the Local Bankruptcy Rules, or any other applicable bankruptcy law, is it indicated that a party may freely supplement its objection or file a supplement or surreply. Thus, the Supplement must be stricken because the Local Bankruptcy Rule 9013(g) permits only a response and not a supplemental objection to be filed in opposition to a motion.

39. In the case at bar, the Debtor filed additional pleadings without advising – let alone obtaining consent from – the Committee. It did so after the matter was "trial ready," subsequent to the set hearing date and on the eve of the adjourned trial date. As such, the Debtor's Supplement is an impermissible surreply or sur-response, which is not provided for under any applicable bankruptcy law, rule or procedure and the Supplement should not be considered and should be stricken.

C. <u>The Debtor's Supplement Violates the Federal Rules of Evidence and the Federal Rules of Civil Procedure and Attempts to Introduce Evidence that is Clearly Impermissible</u>

40. In addition to its various procedural flaws and defects, the Supplement violates

the Federal Rules of Evidence[4] and the Federal Rules of Civil Procedure. The Court should strike the Supplement on evidentiary grounds for the following four reasons.[5]

41. First, the Supplement violates Rule 402 of the Federal Rules of Evidence by attempting to offer into evidence irrelevant allegations pertaining to Arent Fox, the Creditor Representative, and the Committee and its members and members' proxies. These unsupported allegations do nothing more than waste judicial resources. Additionally, the allegations made by the Debtor are irrelevant, pose the risk of unfair prejudice to the Committee, and are confusing and misleading as to the real issues before this Court. *See* Fed. R. Evid. 402; *cf.* Fed. R. Evid. 403. Additionally, the Debtor fails to provide any level of specificity which would enable to Committee to rebut the slanderous allegations. *Cf.* Fed. R. Civ. P. 9(b).

42. Second, the lack of personal knowledge of the Debtor or its counsel also requires that this motion to strike the Supplement be granted. The Debtor or the Debtor's counsel failed to establish that they are competent to testify as to any of the matters asserted in the Supplement. Rule 901(a) of the Federal Rules of Evidence provides that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." To authenticate assertions of alleged fact, the proponent "must affirmatively show that he has personal knowledge and 'is competent to testify to the matters stated therein.'" *See In re Enron Corp. Sec., Deriv. & "Erisa" Litig.*, No. MDL 1446, 2003 WL 23316646, at *1 (S.D. Tex. March 27, 2003) (granting motion to strike affidavit that lacked personal knowledge). Testimony in the form of written submissions to the Court "must be grounded in observation or other first-hand

---

[4] Pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence apply in bankruptcy cases.
[5] It also appears that Debtor's counsel has failed to comply with its obligations under Bankruptcy Rule 9011(b). Such failure further warrants striking the pleadings.

-12-
NYC/327306.3

personal experience." *Id.* Here, the Debtor and Debtor's counsel utterly failed to establish any basis of personal knowledge. The Supplement lacks any foundation for competent testimony. For this additional reason, it should be stricken from the record and docket.

43. Third, the rank hearsay set forth in the Supplement is subject to this motion to strike. Hearsay is inadmissible pursuant to Rule 802 of the Federal Rules of Evidence unless it satisfies the requirements for a recognized exception to the hearsay rule under Rule 803 of the Federal Rules of Evidence. The allegations contained in the Supplement are rank hearsay, to which no exceptions apply. *See In re Enron Corp. Sec., Deriv. & "Erisa" Litig.*, No. MDL 1446, 2003 WL 23316646, at *1 (S.D. Tex. March 27, 2003) (granting motion to strike hearsay contained in attorney's affidavit).

44. Finally, in addition to being immaterial hearsay, the allegations are improperly scandalous and defamatory. The Committee, which worked arduously to provide a return for the unsecured creditors of this estate, finds the statements offensive. The allegations in the Supplement must be stricken as the allegations are unsubstantiated, speculative and lacking in particularity. Especially where, as here, the allegations include conjecture and speculation, they must be stricken. *See Johnson v. Saks Fifth Ave. Texas, L.P.*, No. H-05-1237, 2007 WL 781946, at *11 (S.D. Tex. March 9, 2007) (granting in part a motion to strike portions of affidavit containing conjecture and speculation).

45. None of the allegations contained in the Supplement are proper subject matter for, or in any way relevant to, the upcoming hearing on April 10, 2007, which is meant to address the Final Fee Application. The allegations contained in the Supplement regarding Arent Fox, the Creditor Representative, and the alleged "connections" are nothing more than rank hearsay, ripe with inflammatory and scandalous allegations that are not stated with particularity, and which if

not intended to prejudice the Court would certainly have that effect.

46. Rule 12(f) of the Federal Rules of Civil Procedure, applicable to these proceedings by Bankruptcy Rule 7012(b), permits a court to strike from any pleading "any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). The Court is authorized under Bankruptcy Rule 9014 to apply Rule 712(b) to contested matters. Federal courts have found statements in a pleading to be scandalous when the statements serve no purpose other than to "inflame the reader." *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking allegations in the complaint concerning defendant's criminal conviction and income level because they were "immaterial and impertinent to the case" and "scandalous"). Courts are willing to strike such material even when the presence of the material does not prejudice the moving party. *See id.* (ordering the material removed simply because "there is no reason to allow it" in the complaint). As such, to the extent that it violates the Federal Rules of Evidence and the Federal Rules of Civil Procedure, the Supplement should be stricken.

47. Additionally, Section 107(b)(2) of the Bankruptcy Code provides, in pertinent part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> \* \* \* \* \*
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b)(2). Rule 12(f) and § 107(b) share the common premise that "[a] person within the court's jurisdiction should not be subjected to scandalous or defamatory material submitted under the guise of a properly pleaded court document." *In re Phar-Mor, Inc.*, 191 B.R. 675, 678-79 (Bankr. N.D. Ohio 1995).

-14-

48. In addition to being irrelevant to the proceedings before this Court, the allegations contained in the Supplement are scandalous and defamatory, and were clearly intended to harm Arent Fox, its attorneys, the Creditor Representative and the Committee and its members. Clearly, the false and outrageous statements are designed to interject scandalous accusations into the public record of this case. The entire Supplement is so permeated with such baseless, offensive and scandalous allegations that it should be stricken in its entirety.

49. In the alternative, should the Court determine that the Supplement does not warrant being stricken in its entirety, the Court should strike those portions of the Supplement that are immaterial and scandalous.

## COMMITTEE STANDING

50. Pursuant to Section 13.3 of the Plan, the Committee has standing to file and prosecute this motion and to otherwise prosecute and defend the Final Fee Application.

51. Pursuant to Section 13.3 of the Plan, the Committee continues to exist with respect to, among other things, fee applications and enforcement of the Plan.

## PERMISSION TO FILE RESPONSE

52. Should this Court decline to strike the Objection or the Supplement in their entirety, or strike only certain portions of the Objection or the Supplement, the Committee respectfully requests permission to file a response.

WHEREFORE, the Committee respectfully requests that this Court enter an order (a) striking the Supplement and the Objection in their entirety, and removing the pleadings from the court docket or in the alternative, permitting the Committee to file a response[6]; and (b) granting such other and further relief as this Court deems just and proper.

---

[6] Should the Court not strike the Supplement and the Objection, the Committee reserves the right to seek to have the Court seal the records.

Dated: New York, New York
April 5, 2007

**ARENT FOX LLP**
Attorneys for the Official Committee of
Unsecured Creditors

By: */s/ Andrew I. Silfen*
Andrew I. Silfen (AS-1264)
Michael Cryan (MC-4887)
Leah M. Eisenberg (LE-0096)
Adrienne W. Blankley (AB-9412)
1675 Broadway
New York, New York 10019
(212) 484-3900

-and-

Barnet B. Skelton, Jr. P.C
Barnet B. Skelton
1111 Bagby
Houston, Texas 77002
(713) 659-8761