IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TKO SPORTS GROUP USA LIMITED, | § | CASE NO. 05-48509-H4-11 |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | |

**REORGANIZED DEBTOR'S OBJECTION TO ARENT FOX'S MOTION TO STRIKE AND MOTION TO EXPEDITE HEARING (Doc. #409, 408)**

The Reorganized Debtor, TKO Sports Group USA Limited ("TKO"), hereby responds to the *Motion to Strike* and the *Motion to Expedite* hearing on same (Doc. 409, 408). The grounds for this objection are as follows:

**Response to Motion to Strike**

1. TKO originally objected to Arent Fox's fees because Arent Fox did not correctly disclose connections with Mr. Myers. After TKO's initial objection, Myers gave his deposition and additional facts came to light. Accordingly, TKO supplemented its original objection with facts learned at the deposition.

2. Prior to the supplemental objection, counsel had conferred repeatedly about the issues contained therein – by email, phone call and by traditional correspondence.

3. The supplemental objection repeatedly cites to the deposition of Myers, which was attached to the objection. The objection is not scandalous. The information obtained at the deposition was obtained while counsel for Arent Fox was present. Arent Fox has offered the deposition testimony as evidence in its case in chief.

4. Ed Rothberg, counsel for TKO, filed the supplemental objection when it was

complete.  This was one week before the hearing.  Mr. Rothberg also celebrated Passover that evening.

### Response to Motion for Expedited Hearing

5. There is no "emergency" that requires the court grant expedited consideration of the Motion to Strike.  Arent Fox did not attach a sworn statement to the motion for expedited hearing explaining why a genuine emergency exists.

6. Counsel for Arent Fox had previously agreed to the admission of Mr. Myers deposition (with exhibits) as Exhibit 28 of TKO's trial exhibits.  To the extent Arent Fox alleges the information in the supplemental objection is irrelevant, it may argue that at trial.

WHEREFORE, TKO prays that the Court deny the Motion to Strike and Deny the Motion for Expedited Consideration.

DATED:	April 6, 2007.

>	Respectfully submitted,
>
>	WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
>
>	By:	/s/ *Hugh M. Ray, III*
>	EDWARD L. ROTHBERG
>	State Bar No. 17313990, Fed. I.D. No. 2780
>	HUGH M. RAY, III
>	State Bar No. 24004246, Fed. I.D. No. 22090
>	MELISSA A. HASELDEN
>	State Bar No. 00794778, Fed. I.D. No. 19704
>	Eleven Greenway Plaza, Suite 1400
>	Houston, Texas 77046
>	Telephone: (713) 961-9045
>	Facsimile:  (713) 961-5341
>
>	ATTORNEYS FOR TKO SPORTS GROUP USA, LTD.

## Certificate of Conference

I certify that I called Mr. Silfen on April 6 at 10:10 am to confer regarding this response, but he was unavailable.  Because Arent Fox has sought emergency relief, I did not delay my response to wait or his return call.

Dated: April 6, 2006                             /s/ Hugh M. Ray, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded by e-mail and first class mail, postage prepaid, on April 6, 2007, to:

**Counsel for Official Committee of Unsecured Creditors:**
Andrew I. Silfen
Schuyler G. Carroll
Arent Fox PLLC
1675 Broadway
New York, NY 10019

                             /s/ Hugh M. Ray, III
                             HUGH M. RAY, III