UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| TKO SPORTS GROUP USA LIMITED, | § | CASE NO. 05-48509 |
| | § | (Chapter 11) |
| Debtor. | § | |

THIS MOTION SEEKS AN ORDER THAT MY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACH AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**JUDGE BOHM HAS SET A HEARING ON THIS MATTER FOR FEBRUARY 3, 2009 AT 9:30 A.M.  THE HEARING WILL BE HELD AT THE UNITED STATES BANKRUPTCY COURT, 515 RUSK, COURTROOM NO. 600, HOUSTON, TEXAS 77002.**

**EXPEDITED MOTION TO UNSEAL PLEADINGS FILED IN THE TKO SPORTS GROUP USA LIMITED BANKRUPTCY CASE**

**TO THE HONORABLE JUDGE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE**:

Comes now, North Bay General Hospital, Inc., ("North Bay") and files its Expedited Motion to Unseal Pleadings Filed in the TKO Sports Group USA Limited Bankruptcy Case (the "Motion") and respectfully states as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 11 U.S.C. Section 362 and 28 U.S.C. Sections 157 and 1334.

2.      Venue of the Debtor's Chapter 11 case is proper in this district pursuant to 28 U.S.C. Sections 1408(1) and (2).

## BACKGROUND

3.      On February 9, 2005, North Bay filed its first bankruptcy proceeding, case no. 05-32121 ("North Bay's 2005 Case").

4.      Arent Fox PLLC ("Arent Fox"), on July 27, 2005 (docket no. 168), and Barnet B. Skelton, Jr. ("Skelton"), on June 17, 2005 (docket no. 140), were retained as co-counsel to represent the Unsecured Creditors' Committee in the 2005 Case.

5.      On July 8, 2008, North Bay filed its second bankruptcy proceeding, case no. 08-20368 (the "2008 Case").  The 2008 Case is pending in this Court.

6.      TKO Sports Group USA Limited ("TKO"), case no. 05-48509 (the "TKO Case"), filed for bankruptcy in the Southern District of Texas on October 11, 2005.

7.      As in North Bay's 2005 Case, Arent Fox, on January 3, 2006 (docket no. 109), and  Skelton, on December 7, 2005 (docket no. 73), were retained as co-counsel to represent the Unsecured Creditors' Committee (the "Committee") in the TKO Case.

8.      For some reason, the final fee applications filed in the TKO Case by Arent Fox and Skelton and all related responses and objections have been sealed by the Court from the public.

9.      Although the response (docket no. 406) filed by the Debtor to the final fee applications of Arent Fox and Skelton in the TKO Case is under seal, the docket entry reflects that exhibit A to the response is the Myers deposition.  The deposition of Joseph Myers ("Myers Deposition") was taken in the TKO Case on January 18, 2007.  Esquire Deposition Services verified that the TKO Case style is reflected on the Myers Deposition.

10.     On November 14, 2008, Arent Fox LLP c/o Schuyler G. Carroll, filed a Proof of Claim (claim docket no. 87) in the 2008 Case for legal service performed.  On the November 13, 2008, invoice attached to the Proof of Claim, there is a charge in the amount of $1,290.70 for the transcript of the deposition of Joseph Myers held on January 18, 2007.

11.     Certain of the TKO Case pleadings were served on outside sources, such as the U.S. Trustee.  In one pleading TKO's counsel alleges that Arent Fox and Barnet Skelton Jr., P.C., were engaged by the Committee in that case because Joseph Myer was exercising one of the Committee member's proxy.  That same situation appears to have occurred in the North Bay 2005 Case as well.

## ARGUMENT

12.     North Bay requests the Court to unseal the following documents in the TKO Case:   (a) the Objection (Docket no. 342); (b) the Response (Docket no. 391); (c) the Supplemental Objection (Docket no. 406); (d) Objection to Supplements (Docket no. 407); (e) CTG Response (Docket no. 412); (f) Supplemental Responses (Docket nos. 416 and 417) and (g) all discovery or other materials, documents or information, obtained by or produced to TKO, the Reorganized TKO and Garry Kurtz (TKO's President and Member of the Board of Directors) in connection with the Arent Fox Final Fee Application and the related contested matter, including, but not limited to, all deposition testimony and transcripts because North Bay believes that there is evidence of a pattern of wrong doing in the way Arent Fox was retained in the TKO Case and North Bay's 2005 Case.

13.     Arent Fox billed North Bay for the January 18, 2007 deposition of Joseph Myers, thereby publicizing the existence of the deposition. Although this deposition was taken in the TKO Case and used as an exhibit in the TKO Case, the deposition was noticed by North Bay's

prior counsel.  North Bay can obtain a copy of the deposition from other sources, but it is inequitable for North Bay to pay twice for the transcript.

14.     Bankruptcy Rule 9018 allows the Court with or without notice to seal material to protect trade secrets or commercial information, to protect any entity against scandalous or defamatory matter, or to protect governmental matters.  An order entered without notice may be vacated by an entity affected thereby. B.R. 9018. The purpose of sealing material in the TKO Case was presumably to protect Arent Fox from "scandalous or defamatory matters"; however, sealing pleadings is the exception.  *In re Hope*, 38 B.R. 423 (Bankr. M.D. Ga. 1984).

15.     Sealing pleadings and discovery materials should not be entertained by a Court as an avenue for a party in interest to hide its pattern of bad acts.  North Bay had no notice of the request to seal the TKO Case materials.  North Bay had been charged for the sealed Myers' deposition transcript by Arent Fox; accordingly, the materials should be unsealed; or alternatively made available to North Bay, its counsel, and the U.S. Trustee.

WHEREFORE PREMISES CONSIDERED, North Bay requests that the Court unseal the records relating to the fees and expenses requested by Arent Fox PLLC and Barnet B. Skelton, Jr. in the TKO Sports Group USA Limited bankruptcy case, the objections thereto, and all discovery material related thereto, and to grant North Bay such other and further relief as is just.

Respectfully submitted this 15th day of January, 2009.

HIRSCH & WESTHEIMER, P.C.

By: /s/  Michael J. Durrschmidt
    Michael J. Durrschmidt
    Texas Bar No. 06287650
    700 Louisiana, 25th Floor
    Houston, Texas 77002
    Telephone:  713-220-9165
    Telecopy:  713-223-9319
    E-mail: mdurrschmidt@hirschwest.com

ATTORNEY FOR NORTH BAY
GENERAL HOSPITAL, INC.