UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TKO SPORTS GROUP USA LIMITED, | § | CASE NO. 05-48509 |
| | § | (CHAPTER 11) |
| Debtor. | § | |

**NORTH BAY GENERAL HOSPITAL, INC.'S SECOND
SUPPLEMENTAL BRIEF SUPPORTING UNSEALING THE TKO DOCUMENTS**

Comes now, North Bay General Hospital, Inc. (the "Debtor" or "Hospital") and files this its Second Supplemental Brief Supporting Unsealing the TKO Documents, and would show as follows:

1. The *FiberMark* case is a case analogous to this case. *In re FiberMark, Inc.,* 330 B.R. 480 (Bankr.D.Vt.2005). In that case, the Court had temporarily sealed an examiner's report and was considering whether to unseal same.

2. In the *TKO* case, a mechanism was installed in the Stipulation awarding Arent Fox's fees [*TKO* Docket No. 429] (the "Stipulation") to allow for the unsealing of the documents. As such, the Stipulation did not provide permanent protection to Arent Fox from disclosure of the documents sealed. This is particularly so since the Stipulation contains no specific finding that secrecy outweighs public access. *In re General Homes Corp.,* 181 B.R. 898, 903 (Bankr.S.D.Tex. 1995) (J. Letitia Clark) ("For a bankruptcy court to seal court records pursuant to its discretionary authority to limit public access to papers, the court must specifically find that the interest of secrecy outweighs the presumption in favor of access.") (citing *In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993).

3. The *FiberMark* court stated that

"For purposes of Section 107(b) (and Rule 9018), scandalous or defamatory material has been defined as material that would cause a reasonable person to

> alter their (sic) opinion of [a party] based on the statements therein, taking these statements in the context in which they appear. *In re Phar-Mor, Inc.,* 191 B.R. at 679 (citation omitted). Information that is prejudicial or embarrassing is not necessarily scandalous or defamatory. *Id.; See also In re Gitto/Global Corp.,* 321 B.R. at 374; *In re Hope,* 38 B.R. at 424-425; *In re Analytical Systems, Inc.,* 83 B.R. at 836."

*FiberMark,* 330 B.R. at 508.

4. Here, the purpose of the pleadings which were sealed was to assert each side's interpretation of the evidence as applied to the law; given that it was a fee dispute, it is not surprising the allegations were pointed, critical and accusatory. The sealed pleadings were assertions of an opponent (the Myers deposition has already been acknowledged by Ms. Cohen as truthful; therefore, there is no reason to keep it under seal). As the *FiberMark* court said about the examiner's report:

> "The Seal Proponents assert . . . that the Examiner's conclusions are incorrect, are not supported by the evidence, or ignore contrary evidence. The merits of the Examiner's conclusions are not salient in the Court's assessment of whether the Report should be publicly available. . . . The Report includes conclusions that are quite critical of certain conduct by some parties, and in some instances, the Examiner formulates his position with strong words. These statements represent the Examiner's opinion, not the truth with a capital "T". The fact that those opinions and conclusions may cause some embarrassment to certain individuals or entities does not support sealing the Report:
>
>> The private interest at stake here, i.e., protecting attorneys and other professionals from presumably valid criticism, is *de minimus*. Obviously, these highly sophisticated professionals are well-suited and fully able to rebut and refute any assertions regarding their fee applications." *In re Continental Airlines,* 150 B.R. at 341, n. 14.

*FiberMark,* 330 B.R. at 508.

5. The *FiberMark* court viewed the status of its case as the same as when faced with "a request to seal an unsealed document." *Id.,* at 496. This is because notwithstanding that the report was sealed, it was sealed without a specific finding. In the *TKO* case, since there was no specific finding made by this Court of why secrecy outweighs public access, this Court should

view the procedural status of the Hospital's request to unseal as "an initial motion to seal" and, therefore, Arent Fox has "the burden of proof to demonstrate grounds for an exception under §107(b)." *Id.* (citing *Goldstein v. Forbes,* (*In re Cendant Corp.*), 260 F.3d 183, 194 (3d Cir. 2001)).

6. Arent Fox voluntarily entered into the Stipulation, which contained a provision for unsealing. Arent Fox now argues that notwithstanding the Hospital's compliance with the procedure for unsealing the documents that the Hospital lacks standing, or that Arent Fox is now entitled to all of their fees in *TKO*, or that the sealing provision was final and not temporary. These arguments are without substance. First, Arent Fox agreed to the Stipulation. As the *FiberMark* court stated,

> "A similar situation was presented in the *In re Ionosphere* case and there the District Court held that once the parties consent to the process, they cannot attack its validity later because they do not like the result:
>
>> The parties voluntarily entered into [the stipulations] in order to facilitate discovery … Plaintiffs are now attempting to abrogate the agreement… Plaintiff cannot now attempt to undo what they have willingly wrought." *In re Ionosphere Clubs, Inc.,* 156 B.R. at 434 (citing *Zenith Radio Corp. v. Matsushita Electric Indus. Co.,* 529 F.Supp. 866, 894 (E.D.Pa.1981)).

*FiberMark,* 330 B.R. at 508.

7. Second, the concept of public access may be asserted by the public; therefore, the Hospital has standing. *See,* Hospital's Supplemental Brief, ¶ 2, Docket No. 58.

8. Third, Arent Fox's assertion that the Stipulation, notwithstanding containing a mechanism to unseal, is permanent is not supported by the terms of the Stipulation nor is Arent Fox's position reasonable. The *FiberMark* court, (i) citing *SEC v. The Street.com,* found that protective orders which are not permanent may not be relied upon by the parties; and (ii) citing *Ionosphere Clubs,* found that the sealing of documents requires a finding of a compelling reason

3

to seal the documents. *FiberMark,* 330 B.R. at 499 (citing *SEC v. The Street.com,* 273 F.3d 222, 230-31 (2nd Cir. 2001) and *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 434 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2nd Cir. 1994)).  In the *TKO* case, there was never a finding by this Court; the Stipulation was merely an agreement of the parties disposing of a contested matter.

WHEREFORE, premises considered, the Hospital prays that the Court unseal the records relating to the fees and expenses requested by Arent Fox LLC and Barnet B. Skelton, Jr. in the *TKO Sports Group USA Limited* bankruptcy case, the objections thereto, and all discovery material related thereto, and hold that the Order Sealing in the *TKO* case applies only to the papers filed with the court and not to papers served on a party in interest, and to grant North Bay such other and further relief as is just.

Respectfully submitted this 9th day of February, 2009.

> HIRSCH & WESTHEIMER, P.C.
>
> By: /s/  Michael J. Durrschmidt
>     Michael J. Durrschmidt
>     Texas Bar No. 06287650
>     700 Louisiana, 25th Floor
>     Houston, Texas 77002
>     Telephone:  713-220-9165
>     Telecopy:  713-223-9319
>     E-mail: mdurrschmidt@hirschwest.com
>
> ATTORNEY FOR NORTH BAY
> GENERAL HOSPITAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2009, a copy of North Bay General Hospital, Inc.'s Second Supplemental Brief Supporting Unsealing the TKO Documents was served on the parties listed below via first class mail, postage prepaid, e-mail, and/or ECF service.

> /s/  Michael J. Durrschmidt
> Michael J. Durrschmidt

5

**Service List**

ATTORNEYS FOR UCA AND ARENT FOX, LLP

Carol Conner Cohen
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
cohen.carol@arentfox.com

Jeffrey N. Rothleder
Arent Fox
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339
Rothleder.Jeffrey@arentfox.com

Susan Hardie Jacks
MehaffyWeber, PC
500 Dallas, Suite 1200
Houston, Texas 77002
susanjacks@mehaffyweber.com


ATTORNEY FOR BARNET B. SKELTON, JR., P.C.

Barnet B. Skelton, Jr.
Barnet B. Skelton, Jr., PC
1111 Bagby, 47th Floor
Houston, Texas 77002
barnetbjr@msn.com

ATTORNEYS FOR WALKER WILCOX AND DANIEL PATCHIN

Daniel F Patchin
Walker Wilcox Matousek LLP
711 Louisiana Street, Suite No. 3100
South Tower Pennzoil Place
Houston, TX 77002
dpatchin@wwmlawyers.com

Allison Standish Miller
Cruse, Scott, Henderson & Allen LLP
2777 Allen Parkway, 7th Floor
Houston, Texas  77019
amiller@crusescott.com

Billy Shepherd
Cruse, Scott, Henderson & Allen LLP
2777 Allen Parkway, 7th Floor
Houston, Texas  77019
bshepherd@crusescott.com

ATTORNEYS FOR THOMAS McNAULL

John A. Christy
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, Georgia 30309-4516
jchristy@swfllp.com

Ferdinand P Cribbs, Jr
Wilson Cribbs et al
2500 Fannin
Houston, TX 77002
fpcribbs@wcglaw.net

Scott D McAlpine
Schreeder Wheeler Flint LLP
1100 Peachtree Street, Ste 800
Atlanta, GA 30309
smcalpine@swfllp.com

ATTORNEYS FOR CLEAR THINKING GROUP, LLC AND JOSEPH MYERS

F. Teresa Garcia-Reyes
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4200
Houston, TX 77002
tnelligan@morganlewis.com

Neil E. Herman, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
nherman@morganlewis.com

6